C. W. OGBURN, Adm'r, v. N. H. D. WILSON et al.

*Practice.*

Where the judgment of the Superior Court, in a case remanded to it from this Court, carries out the decision rendered on the first appeal, it will be affirmed.

CIVIL ACTION, tried before *Clark, Judge,* at February Term, 1886, of GUILFORD Superior Court.

In this action the opinion of the Supreme Court having been filed, and the cause coming on for further hearing and

orders, the plaintiff, insisted that in accordance with said opinion, he was entitled to the part of the certificate (one-half) due to Charles Barringer, by the terms of the deed of trust executed by N. H. D. Wilson, on June 22d, 1878, if so much was necessary to pay the judgment heretofore recovered by plaintiff.

The defendant, Mary Wilson, assignee of Gwynn, contended that the security provided by Wilson's said deed of trust, was of the balance, if any, of the certificate of deposit after deducting therefrom the payments from the joint estate of Wilson & Shober, and there being in the hands of the trustees of Wilson, (admitted by both parties in open Court,) only about fifteen hundred dollars applicable to the payment of said certificate of deposit, which amount is far below the aggregate of the principal and interest thereof, she insisted that according to the opinion of the Supreme Court, the plaintiff was entitled to one half only of said fund in the hands of said trustees, less $500 already paid to him to be applied on his judgment heretofore recovered, and that she, as assignee of Gwynn, was entitled to the other half.

Upon considering the opinion of the Supreme Court, and the argument of counsel, the Court ruled that the trustees first pay the costs of this action, to be taxed by the clerk, then apply one half of the residue in their hands on the judgment of the plaintiff heretofore recovered, less the sum of $500 paid him by said trustees since the rendition of this judgment, and then the residue of the fund they will apply and pay to Mary J. Wilson, assignee of said Gwynn, and the residue, if there should be any, the said trustees shall apply to the creditors of the fourth class in said deed of trust of N. H. D. Wilson.

From this judgment the plaintiff appealed.

OGBURN v. WILSON.

*Mr. John Devereux, Jr., (Messrs. John W. Graham, Thos. Ruffin* and *L. M. Scott* also filed a brief,) for the plaintiff.

*Messrs. John H. Dillard* and *J. T. Morehead* filed a brief for the defendants.

SMITH, C. J.   The controversy, when this cause was before the Court upon the former appeal, 93 N. C., 115; was in reference to the secured debt represented by the certificate of deposit, and whether the intestate's estate, the other infant wards having received their full estate from the guardian, was entitled to the whole fund in the hands of the trustees applicable thereto, or to a part only.   The ruling was, that the intestate's estate was "entitled to one half of what would have been distributed if Ella had not received her full estate."

Consequently, the plaintiff should be paid, less what has been already received, one moiety of what was due to the debt in administering the trust fund, and an equal share would sink into the *residuum* for the benefit of the party next entitled.   If this fund, after deducting the costs of the action, should prove insufficient to meet the certificate in full, the apportionment must be of what is left applicable thereto.   The appellant's contention, if sustained, would be to give nearly the whole fund to the plaintiff, leaving an inconsiderable part to pass over to the next secured debt, while under the ruling, it should share equally with him in the distribution.   We cannot see how any misconception upon this point could arise in the interpretation put upon the former opinion.

Assuming the proper credits to have been allowed, we find no error in the judgment of the Court, which conforms to the adjudication heretofore made, and it is affirmed.

No error.                                        Affirmed.